**Christian BOE, Plaintiff and Respondent,**

**v.**

**THORBURN HERSETH, INC., a Corporation, Defendant and Appellant.**

**No. 8110.**

Supreme Court of North Dakota.

March 26, 1965.

Davidson & Whisenand, Williston, for plaintiff and respondent.

Walter O. Burk, Williston, and H. Morris Borstad, Tioga, for defendant and appellant.

STRUTZ, Judge.

The plaintiff is a Williams County farmer, and the defendant is an implement dealer whose place of business is located in Tioga, Williams County, North Dakota. On August 6, 1960, the plaintiff's tractor, a 1956 IHC–WD9, broke down, and the plaintiff took it to the defendant's place of business for repairs. Certain parts had to be ordered from the factory, causing a delay in the servicing of the machine.

When it became evident that the plaintiff's tractor could not be put in running order without considerable delay, the defendant suggested that the plaintiff buy a

1960 IHC Model 660 tractor which the defendant had on hand. This tractor was practically new but had been used for some hours as a demonstrator, which fact was made known to the plaintiff. A deal finally was consummated by which the defendant sold to the plaintiff the IHC–660 and took in trade, as part of the purchase price, the plaintiff's IHC–WD9. The balance of the sales price, with carrying charges, was included in a conditional sales contract which the plaintiff signed.

Immediately upon delivery of the IHC–660, the plaintiff experienced a variety of difficulties in its operation. The brakes did not function properly, there was a rattle in the rear section, the tractor burned oil to excess, there was a defect in the fuel tank, and the machine consumed an excessive amount of fuel. It is conceded by the defendant that, prior to the sale, fuel consumption had been discussed between the parties and that he had assured the plaintiff that the new tractor would consume no more fuel than his old WD9, pulling the same load in identical soil. The plaintiff contends that the defendant had warranted the tractor as a new machine.

Numerous attempts were made by the defendant to correct the defects in the tractor which the plaintiff complained of. Evidently these efforts were without success, however, and, ten days after having made the purchase, much of which time was spent in trying to put the tractor in satisfactory working condition, the plaintiff returned the IHC–660 to the defendant's place of business and thereafter served notice of rescission, demanding a return of his WD9.

The defendant denies that he gave any warranties, as contended by the plaintiff, and says that the only binding warranty given in connection with this sale was the written express warranty contained in the contract as to parts. He further contends that, under the law, the express warranty specifically negatived any implied warranties. The written warranty relied on by the defendant, and printed on the back of the installment contract, provides:

## "WARRANTY

"The INTERNATIONAL HARVESTER COMPANY warrants each item of new McCormick Farm Equipment and International Equipment, and each item of other new equipment sold by it, to be free from defects in material and workmanship under normal use and service. The obligation of the Company under this warranty is limited to repairing or replacing, as the Company may elect, any part or parts that prove, in the Company's judgment, to be defective in material or workmanship within six (6) months after first use by the original Purchaser or 1500 hours of use, whichever occurs first. Such defective part or parts will be repaired or replaced free of charge to the original Purchaser at the Seller's place of business.

"The INTERNATIONAL HARVESTER COMPANY makes no warranty as to tires, as they are warranted separately by their respective manufacturers.

"The preceding warranty is in lieu of all other warranties expressed or implied and all other obligations or liabilities on the part of the Company and the Seller, and no person, agent, or dealer is authorized to give any other warranties on the Company's behalf or to assume for it any other liability."

The trial court found that the defendant had warranted that the IHC–660 tractor was reasonably fit for the purposes intended, and that it would not consume more fuel than the WD9 which plaintiff traded in on its purchase; that the defendant had further agreed that the contract would be rescinded if the plaintiff was not satisfied with the operation of the IHC–660, or if its fuel consumption was not satisfactory, and agreed that the WD9 would thereupon be returned to the plaintiff. The court ordered

a rescission of the contract and a return of the WD9 to the plaintiff on the payment by the plaintiff of the sum of $420.96, the value of repairs made by the defendant on the plaintiff's old tractor. The defendant appeals to this court from the judgment for rescission, demanding a trial de novo and a review of the entire case in this court.

■ The findings of a trial court which heard the witnesses and evaluated their testimony, while not binding upon this court, nevertheless are entitled to appreciable weight. Ginter v. Ginter (N.D.), 63 N.W.2d 394; Shong v. Farmers' and Merchants' State Bank of Hutchinson, Minn. (N.D.), 70 N.W.2d 907; Stark County v. Koch (N.D.), 107 N.W.2d 701.

The defendant relies entirely on the decision of this court in the case of Knecht v. Universal Motor Co., 113 N.W.2d 688, citing Section 51–01–72, North Dakota Century Code, which provides:

"Where any right, duty, or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, * * *."

This court, in Knecht, held that this provision authorizes the parties to a sale of personal property to negative, "by express agreement," the implied warranties of quality or fitness imposed by Section 51–01–16, North Dakota Century Code. 

In this case, however, we need not determine whether statutory warranties of quality, fitness, and merchantability were negatived by the express warranty by which the seller attempted to disclaim all warranties other than those expressed in the contract. We need not pass on the question of whether the holding in Knecht would be followed if raised in a proper action. In the case now before the court, the plaintiff need not rely on any implied warranties. He can rely on the express provisions of

Section 51–07–07, North Dakota Century Code, which provides:

"Any person purchasing any gas or oil burning tractor, * * * for his own use shall have a reasonable time after delivery for the inspection and testing of the same, and if it does not prove to be reasonably fit for the purpose for which it was purchased, the purchaser may rescind the sale by giving notice, within a resonable time after delivery, to the parties from whom any such machinery was purchased, * * * and by placing the same at the disposal of the seller. Any provision in any written order or contract of sale, or other contract, which is contrary to any of the provisions of this section, hereby is declared to be against public policy and void."

■ Under the provisions of this section, the plaintiff had a reasonable time, after delivery of the tractor, to inspect and test the machine. If it did not prove to be reasonably fit for the purposes for which it was purchased, the law gives him a right to rescind by giving notice, within a reasonable time, to the seller.

■ It is true that the seller in its contract attempted to negative all of its obligations and liabilities in the transaction, by an express disclaimer. But that disclaimer is, by virtue of the provisions of Section 51–07–07, North Dakota Century Code, specifically declared to be contrary to public policy, and void.

■ The plaintiff served notice of rescission ten days after delivery of the tractor. It certainly cannot be contended, and it is not contended, that he failed to act within a reasonable time after delivery of the tractor to him.

For reasons stated herein, we hold that the plaintiff, as the purchaser of a tractor, under the circumstances in this case, had a reasonable time after delivery for inspecting and testing it; that the evidence shows

that it did not prove to be reasonably fit for the purposes for which he purchased it; that under the provisions of Section 51–07–07, North Dakota Century Code, he had the right to rescind the sale by giving notice to defendant within a reasonable time and by placing the machine at the disposal of the defendant; and that, under the provisions of Section 51–07–07, the express warranty and express disclaimer relied on by the defendant are contrary to public policy and are void.

The assignments of error are overruled, and the judgment of the district court is in all things affirmed, with costs.

BURKE, C. J., and ERICKSTAD and TEIGEN, JJ., concur.

KNUDSON, J., not having been a member of the Court when the case was submitted, did not participate.